## CIRCUIT COURT OF THE CITY OF RICHMOND

Eugene R. Fields

v.

Commonwealth of Virginia

January 4, 1996

Case No. LA-2531

BY JUDGE RANDALL G. JOHNSON

I have Mr. Fields' Amended Motion for Judgment which was filed in response to my letter of December 12. No further response from the Commonwealth is necessary.

This action is filed under the Virginia Tort Claims Act, Va. Code §§ 8.01-195.1 *et seq.* Under the Act, suit must be filed no later than eighteen months after the filing of a notice of claim with the Director of the Division of Risk Management or the Attorney General. § 8.01-195.7. According to Mr. Fields, he filed his notice of claim with the Attorney General on July 22, 1992. The post office's return receipt, a copy of which is attached to the motion for judgment, shows that it was received by the Attorney General's office on that date. Accordingly, suit had to be filed no later than January 22, 1994. Suit was not filed until October 3, 1995. Contrary to Mr. Fields' argument, the eighteen-month time limit for filing suit is not tolled or extended by the failure of the Director of the Division of Risk Management or the Attorney General to respond to the notice of claim. Thus, the fact that Mr. Fields was told in September, 1994, that the Division of Risk Management had no record of his claim makes no difference. The outside limit for filing suit, January 22, 1994, had already passed.

The court also rejects plaintiff's argument that his suit is timely because no response was ever made to his Level II inmate grievance appeal. While Va. Code § 8.01-195.3(7) does toll the time for filing a notice of claim during the pendency of the inmate grievance procedure, plaintiff, himself,

obviously thought that such procedure had ended since he filed his notice of claim in 1992. He will not now be heard to complain that the grievance procedure is still pending. Plaintiff's suit is time barred and must be dismissed.